UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CASE NO. 1:24-CR-94 (APM)** |
| : | |
| **THOMAS PAUL OSBORNE,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S OPPOSITION TO MOTION TO STAY, OR IN THE ALTERNATIVE, A MOTION TO CONTINUE TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Stay, or in the Alternative, a Motion to Continue Trial ("Defendant's Motion"), ECF 27. The defendant argues that this case should be stayed or continued because Donald J. Trump was elected president, and guesses that "there is a strong likelihood that Mr. Osborne will succeed on the merits and ultimately have his pending case dismissed or vacated or pardoned . . . ." ECF No. 27 at 2.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. *See, e.g.*, *United States v. Connell*, et al., 21-cr-84, ECF 157 (denying motion to continue a sentencing because "Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution."); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United States v. Avery*, No. 24-cr-79 (CRC), Nov. 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential

1

clemency); *United States v. Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), Nov. 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency). This Court should decline to grant Defendant's Motion, and ought not delay the administration of justice based on the hopes and wishes of the defendant.

    The defendant attempts to analogize this case to *United States v. Trump*, No. 23-cr-257 (TSC), noting that "[i]t also appears that DOJ Special Counsel Jack Smith has moved for a similar stay (he seeks to vacate all dates in the case) in the prosecution of now President Elect Trump because as he states, this election has created a unique circumstance that warrants pausing the case." ECF No. 27 at 3. But the defendant's citation to the Special Counsel motion to vacate a briefing schedule is inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF No. 278. The need to "determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendant is a private citizen.

    The defendant also cites to the factors in *Nken v. Holder* to justify a stay. But none of the *Nken* factors actually support his argument. As to "whether the stay applicant has made a strong showing that he is likely to succeed on the merits," 556 U.S. 418, 434 (2009), the defendant has offered no argument that he will actually be acquitted, only speculation that he might be pardoned. As to "whether the applicant will be irreparably injured absent a stay," *id.*, the defendant has only complained that he might be incarcerated. This certainly is not the defendant's preferred outcome,

2

but a rightful conviction and incarceration is not the sort of irreparable injury that *Nken* contemplates. While the Constitution confers the right to pardon on the president, it does not provide a criminal defendant with a corresponding right to receive a pardon. A pardon "is best understood as 'an act of grace.'" *United States v. Benton*, 98 F.4th 1119, 1129 (D.C. Cir. 2024) (citing *United States v. Wilson*, 32 U.S. 150, 160 (1833). As to "whether issuance of the stay will substantially injure the other parties interested in the proceeding" and "where the public interest lies," both factors favor a prompt resolution of this case, not a needless delay based on what a future administration may or may not do, which, as noted above, is irrelevant to this Court's Article III obligations.

Alternatively, to justify a delay in some other way, defense counsel cites the government's most recent global discovery production. As a courtesy to defense counsel, the government has made available to all defense counsel in Capitol Breach cases a repository of "global discovery" that includes material from other January 6 cases. This repository is constantly growing as the number of Capitol Breach cases increase.

The defendant argues that recent additions to the global discovery repository merit a stay. But as one court has explained when rejecting another defendant's motion for temporary release based on a similar argument concerning the amount of global discovery:

> McHugh has not shown that reviewing the "hundreds, if not thousands of hours of material," Mot. for Release at 3, is necessary for his defense. Discovery in January 6 cases is unique: there is a huge "global discovery" repository, but only a fraction of this discovery is relevant to each defendant's case. See United States' Mem. Regarding Status of Disc. as of Feb. 9, 2022 [ECF No. 52] (describing the government's "plan for producing or making accessible to all defense teams voluminous data collected by the government in relation to the Capitol Siege investigation, so they may identify information they deem relevant"). The Court is not concerned with McHugh's ability to view every video in the global discovery but rather with his ability to prepare his defense, which may require that he review some of the evidence, but certainly not all or even most of it.

*United States v. McHugh*, 21-cr-453 (JDB), 2023 WL 2384444 at *9 (D.D.C. Mar. 6, 2023). Here too, the defendant has not shown that the latest, indexed production of global discovery necessitates any delay.

This argument, if accepted, would grind every Capitol Breach case to a halt. Like the figurative chicken and egg, no case could proceed until every other case was completed, but no case could be completed until every other case proceeded. It would be a recipe to stop entirely the administration of justice for the January 6, 2021 attack on the Capitol. Moreover, such a delay is unnecessary. The government has already substantially produced all case-specific discovery in this matter, and expects to meet its deadline to provide witness and exhibits lists by November 19, 2024. Moreover, if the defendant has specific discovery requests, he can always make them to the government, which he has not done.

Finally, defense counsel cannot claim surprise here. The defendant claims that "The undersigned received the most recent discovery production on October 21, 2024, which consisted of a massive amount of discovery that the undersigned will not have the time to review." ECF No. 27 at 2. The government first made the defense aware of the global discovery repository as early as April 2024. The defendant could have raised concerns about the scope of discovery then. That he does so only on the eve of trial suggests that this objection is strategic, not substantive.

* * *

The defendant's arguments have been broadly rejected in this district, including by this Court, and should be rejected here as well.

            Respectfully submitted,

            MATTHEW M. GRAVES
            United States Attorney
            D.C. Bar No. 481052

By:    /s/ Brendan Ballou
       Brendan Ballou
       Special Counsel
       DC Bar No. 241592
       United States Attorney's Office
       601 D Street NW
       Washington, DC 20001
       (202) 431-8493
       brendan.ballou-kelley@usdoj.gov

       Shanai Watson
       New York Bar No. 5003165
       Trial Attorney
       Department of Justice
       1301 New York Ave. N.W.,
       Washington, DC 20005
       shanai.watson@usdoj.gov
       (202) 616-0245